UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WALTER MABRY, et al.,

    Defendants.
_____/

Civil Action No.
04-CR-80977

HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL OF THE INDICTMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12</u>**

This matter is presently before the Court on Defendant's Motion for Dismissal of the Indictment Pursuant to Federal Rule of Criminal Procedure 12. The Court has had the opportunity to fully review this matter. Under Eastern District of Michigan Local Rule 7.1(e)(2), the Court shall decide this motion without oral argument.

Section 186 of the Labor Management Relations Act of 1947 ("LMRA" or "Taft-Hartley Act"), 29 U.S.C. §§ 141 to 187, restricts financial transactions between an employer and a labor organization's representatives or employees. 29 U.S.C. § 186 (1998). The statute states:

> It shall be unlawful for any employer . . . to pay, lend, or deliver, or agree to pay, lend or deliver, any money or other thing of value—
>   (1) to any representative of any of his employees who are employed in an industry affecting commerce; or
>   (2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce;
>   . . . .

<u>Id.</u> at § 186(a). The statute further prohibits any request for, or acceptance of, such prohibited

transactions: "It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section." Id. at § 186(b)(1).

However, Section 186 allows for nine narrow exceptions. One of these nine narrow exceptions is Section 186(c)(2), which allows for transactions "with respect to the payment or delivery of any money or other thing of value in satisfaction of a judgment of any court or a decision or award of an arbitrator or impartial chairman or in compromise, adjustment, settlement, or release of any claim, complaint, grievance, or dispute in the absence of fraud or duress." Id. at § 186(c)(2). Another one of these nine narrow exceptions is Section 186(c)(3), which allows for transactions "with respect to the sale or purchase of an article or commodity at the prevailing market price in the regular course of business." Id. at § 186(c)(3).

In the motion at hand, Defendant states that the government failed to include the aforementioned statutory exceptions in its indictment and that the indictment should therefore be dismissed. (Def.'s Mot. for Dismissal, 6.) The government contends that the exceptions are not necessary elements that must be included in the indictment, but rather that they are affirmative defenses to be raised at trial by the Defendant. (Pl.'s Resp., 2-3.) The Court agrees with the government.

The purpose and breadth of Section 186 is telling. The section's prohibitions were imposed to specifically address the growing fiduciary abuse in the labor-management context, by placing a heavy burden on fiduciaries. The United States Supreme Court has explained that Section 186 was created "to deal with problems *peculiar* to collective bargaining" and "was aimed at practices which Congress considered inimical to the integrity of the collective

bargaining process." Arroyo v. United States, 359 U.S. 419, 424-25 (1959) (emphasis added). The Sixth Circuit similarly explained that Section 186 "was enacted to deal with problems *peculiar* to labor-management relations." Reinforcing Iron Workers Local Union 426 v. Bechtel Power Corp., 634 F.2d 258, 261 (6th Cir. 1981) (emphasis added). See also United Bhd. of Carpenters and Joiners of Am., Dresden Local No. 267 v. Ohio Carpenters Health and Welfare Fund, 926 F.2d 550, 557 (6th Cir. 1991) (stating "Section 186 as a whole is concerned . . . with any financial transactions between employers and unions, which can be corrupting").[1] Moreover, the Eastern District of Michigan has demonstrated its awareness that the collective bargaining process can lend itself to possible abuse:

> Because of the abuses that have occurred in the cauldron of labor-management interplay which include misuse of labor organization funds, extortion by labor personnel, and attempts by business personnel to influence or exert pressure on union "personnel" particularly in financial form, restrictions on conduct between these two bodies and certain of their representatives have been imposed by Congress.

Reinforcing Iron Workers Local Union 426 v. Bechtel Power Corp., 463 F.Supp. 643, 645 (E.D. Mich. 1978) (Kennedy, J.) (quoting Costello v. Lipsitz, 547 F.2d 1267, 1272 (5th Cir. 1977)), *aff'd*, 634 F.2d 258 (6th Cir. 1981). Thus, it is evident that Section 186 was intended to rein in the abuse and corruption that had arisen in the labor-management context, to protect against further dishonest conduct, and to help strengthen the fiduciary obligations owed by union representatives to their members.

---

[1] Similarly, the Fifth Circuit Court of Appeals explained that "the purpose of § 302(a) [§ 186(a)] is to protect employers from extortion and to insure honest, uninfluenced representation of employees." United Steelworkers of Am., AFL-CIO v. United States Gypsum Co., 492 F.2d 713, 734 (5th Cir. 1974).

Section 186's broad sweep of illegality shows a high sensitivity for any possible improper conduct by union representatives.  It expressly, and widely, prohibits improper payments in the labor-management context, save a few narrow exceptions.  As such, the Court finds that the nine narrow exceptions are not necessary elements that must be included in every Section 186 chargeable offense; rather, the very narrow exceptions are considered allowable affirmative defenses, which can be raised by a defendant at trial.  Therefore, an indictment's non-inclusion of the statutory exceptions in an indictment does not make that indictment defective.  Accordingly,

       IT IS ORDERED that Defendant's Motion for Dismissal of the Indictment Pursuant to Federal Rule of Criminal Procedure 12 is denied.

       \_\_\_\_\_s/Bernard A. Friedman_____
       BERNARD A. FRIEDMAN
       CHIEF UNITED STATES DISTRICT JUDGE

Dated:   January 9, 2006
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

     _____/s/ Patricia Foster Hommel_____
        Patricia Foster Hommel
     Secretary to Chief Judge Friedman